UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICHARD BENJAMIN CORSER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-11-82 |
| § | |
| DAN JOSLIN, *et al*, § | |
| § | |
| Defendants. § | |

OPINION AND ORDER OF DISMISSAL

Defendants have moved to dismiss plaintiff's lawsuit for failure to pay the filing fee (D.E. 35).  Plaintiff failed to respond to the motion.  Plaintiff was ordered to show cause, within thirty days of January 23, 2012, why his claims should not be dismissed for failure to pay the filing fee or file a renewed application for leave to proceed *in forma pauperis* (D.E. 36).  Plaintiff failed to comply.  He appears to have abandoned any interest in pursuing his claims in this lawsuit.  Plaintiff was warned that failure to comply might result in dismissal of the petition for want of prosecution (D.E. 36).

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute.  *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)).  If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action.  *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here plaintiff failed to comply with the order to show cause.  The court cannot move forward on the merits of the lawsuit without the cooperation of the plaintiff.

No lesser sanction appears to have drawn the attention of the plaintiff. Accordingly, defendant's motion to dismiss (D.E. 35) is granted, and plaintiff's lawsuit is dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

ORDERED this 28th day of February, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE